UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMIRA HAMAD,

    Plaintiff,

v.

MICHIGAN STATE HOUSING
DEVELOPMENT AUTHORITY,

    Defendant.
_____/

Case No. 16-12754

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [4]**

On July 26, 2016, Plaintiff Samira Hamad ("Hamad") filed this civil rights action against the Michigan State Housing Development Authority ("MSHDA"). In essence, Hamad maintains that MSHDA terminated her federal housing subsidy without due process in violation of the Fourteenth Amendment. MSHDA has since filed a motion to dismiss the complaint, invoking the doctrine of sovereign immunity. Contrary to Hamad's position, the Court finds that MSHDA, a state agency, has not waived its immunity from federal court jurisdiction. For that reason, the Court GRANTS MSHDA's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). (Dkt. 4).

**I.   BACKGROUND**

The U.S. Department of Housing and Urban Development ("HUD") provides funding to local public housing authorities such as MSHDA to administer assistance under Section 8 of the U.S. Housing Act. *See* 42 U.S.C. § 1437. MSHDA has authority to accept the funds and utilize them in accordance with federal law. Mich. Comp. Laws. § 125.1422(c).

Plaintiff Samira Hamad and her children were participants in MSHDA's "Housing Choice Voucher Program" (the "Program"). The Program provides rent subsidies to low income individuals who are unable to afford adequate housing.  Once accepted into the Program, participants are subject to a number of rules and reporting requirements.  For example, MSHDA conducts a "reexamination of family income and composition at least annually", 924 C.F.R. § 982.516,  and the participant "must supply any information that the PHA or HUD determines is necessary in the administration of the program, . . . ." 24 C.F.R. § 982.551(b)(1). MSHDA is authorized to terminate assistance if the "family has failed to comply with any . . . obligations under the program." 24 C.F.R. § 982.551-553; MSHDA Administrative Plan, 12-7).

On August 29, 2014, MSHDA informed Hamad that she was no longer eligible to participate in the Program. According to the contract termination notice, Hamad violated the terms of the Program by renting from her son-in-law and allowing "unauthorized persons in the unit."  (Compl. Ex. A, Termination Letter).  Less than two weeks later, Hamad submitted a written request for an informal hearing to challenge the termination. MSHDA maintains that it never received Hamad's initial correspondence, and later denied her follow-up request as untimely.  At some point after this lawsuit was filed, "MSHDA was provided with evidence from [] Hamad suggesting that a hearing had been timely requested." (Def.'s Mot. 5).  An informal hearing was held on September 14, 2016, and the hearing officer concluded that "termination of [] Hamad's Program participation [should] be upheld- in part because it was found that [she] rented from a family member and failed to report income."  *Id.*  Hamad now seeks monetary and injunctive relief against MSHDA,

asserting claims under the Due Process Clause of the Fourteenth Amendment and federal housing law.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for "lack of jurisdiction over the subject matter." A Rule 12(b)(1) motion can either "attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Abbott v. Michigan*, 474 F.3d 324, 327 (6th Cir. 2007) (citations and internal quotations omitted); *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Here, MSHDA asserts a facial challenge to the Court's jurisdiction under the Eleventh Amendment. *See Lee Testing & Eng'g, Inc. v. Ohio Dep't of Transp.*, 855 F. Supp. 2d 722, 725 (S.D. Ohio 2012) ("A motion to dismiss under [Rule 12(b)(1)] for lack of subject matter jurisdiction is a proper vehicle to assert Eleventh Amendment immunity.") It is well-settled that "when the Eleventh Amendment applies to bar suit against a state, federal courts are divested of subject-matter jurisdiction." *Fairport Int'l Exploration, Inc. v. Shipwrecked Vessel Known as THE CAPTAIN LAWRENCE*, 105 F.3d 1078, 1082 (6th Cir.1997).

## III. ANALYSIS

The success of Hamad's suit rises and falls on the doctrine of sovereign immunity. Fundamentally, the doctrine bars "any suit in law or equity, commenced or prosecuted against one of the United States." U.S. Const. amend. XI. But the protection is much broader than the text of the Eleventh Amendment suggests. "Sovereign immunity applies

3

2:16-cv-12754-NGE-DRG   Doc # 9   Filed 12/15/16   Pg 4 of 6   Pg ID 83

not only to the states themselves, but also to 'state agents and instrumentalities.' "[1] *Beil v. Lake Erie Corr. Records Dep't*, 282 Fed.Appx. 363, 366 (6th Cir. 2008) (quoting *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997)). There are three exceptions to Eleventh Amendment immunity: (1) "Congress may abrogate immunity by statute;" (2) "suit[s] against a state official seeking prospective injunctive relief . . . .;" and (3) waiver by the state. *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002) (citing *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Lawson v. Shelby Cnty.*, 211 F.3d 331 (6th Cir. 2000)). Hamad argues that the "Michigan legislature [has] expressly waived any claim to sovereign immunity that MSHDA might have had . . . . ", thus triggering the third exception under *Carten*. (Plf.'s Resp. 5).

  A state may waive its Eleventh Amendment immunity by (1) "expressly consenting to suit in court; (2) [] voluntarily appearing in federal court and defending a case on the merits; and (3) 'when the state agrees to administer a federal-state program that imposes certain federal standards upon the state.' " *Smith v. Ohio State Univ.*, No. 15-3030, 2016 WL 3182675, at *2 (S.D. Ohio June 8, 2016) (quoting in part *Lawson*, 211 F.3d at 334.). Only the first type of waiver is applicable here. The test for determining whether a State has waived its immunity from federal court jurisdiction is a rigid one. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S. Ct. 3142, 3146, 87 L. Ed. 2d 171 (1985). As the Supreme Court has explained, "[a]lthough a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment." *Id.* In other words, "a State's constitutional interest in immunity

---

[1] Hamad does not dispute MSHDA's assertion that it is an "arm of the State of Michigan." (Def.'s Mot. 6)

encompasses not merely whether it may be sued, but *where* it may be sued." *Id.* (quotations omitted) (emphasis supplied). Thus, in order for a state statute to constitute a waiver of Eleventh Amendment immunity, "it must specify the State's intention to subject itself to suit in federal court." *Id.*

Here, Hamad argues that the State expressly waived MSHDA's immunity under Mich. Comp. Laws §§ 125.1421-1422 by establishing the agency as a "public body corporate and politic", with the power to "sue and be sued." *Id.* But this is precisely the type of "general waiver" identified in *Atascadero* that lacks the requisite specificity to bind the State in federal court. Moreover, even if the Court was persuaded by Hamad's reasoning, the Sixth Circuit and several district courts have effectively foreclosed this line of argument. Indeed, as the court concluded in *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, the "Sixth Circuit has explicitly held that nothing in the Fair Housing Act suggests that Congress intended to abrogate the State's Eleventh Amendment Immunity and that *nothing in Michigan law* can be construed as waiving the State's immunity from suits under the Fair Housing Act." 08-14922l 2009 WL 275652, at *5 (E.D. Mich. Feb. 5, 2009) (emphasis added) (citing *Morris v. Dehaan*, 944 F.3d 905, at *3 (6th Cir. 1991) (unpublished table decision) (holding that the "district court properly dismissed the claims against the Michigan State Housing Development Authority on Eleventh Amendment grounds.").

Hamad fails to recognize–let alone attempt to distinguish–the *Morris* line of authority. Instead, she focuses on a Michigan Supreme Court decision analyzing the constitutionality of the legislature's decision to create a state housing authority. *See In re Advisory Opinion on Constitutionality of Act No. 346 of Pub. Acts of 1966*, 380 Mich. 554, 562–63, 158 N.W.2d 416, 419 (1968) (finding "no constitutional impediment" to the creation of MSHDA).

5

That case has seemingly nothing to do with the Eleventh Amendment, and certainly does not support the proposition that Michigan waived its immunity from suits arising under the Fair Housing Act.  Nor does Hamad's reliance on *Lenoir v. Porters Creek Watershed Dist.*, 586 F.2d 1081, 1088 (6th Cir. 1978), suggest that *Morris*–a later decision–got it wrong.  There, the Sixth Circuit simply reaffirmed the well-accepted proposition that "the Eleventh Amendment does not . . . extend to counties, municipal corporations, and similar local entities that are not arms of the state." *Id.* at 1089.  But MSHDA *is* an arm of the state, and Hamad fails to argue otherwise. "As an agency of the State of Michigan, MSHDA cannot be sued. MSHDA must be dismissed." *Dooley v. Michigan State Hous. Dev. Auth.*, 07-10286, 2007 WL 405699, at *1 (E.D. Mich. Jan. 31, 2007)

## IV.  CONCLUSION

Accordingly, the Court GRANTS MSHDA's motion and DISMISSES Counts 1 and 2 WITH PREJUDICE. [4] The Court declines to exercise supplemental jurisdiction over Hamad's remaining state law claim, and thus DISMISSES Count 3 WITHOUT PREJUDICE.


SO ORDERED.

       S/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated:  December 15, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 15, 2016, by electronic and/or ordinary mail.
       S/Carol J. Bethel
       Case Manager